**In re PAN AMERICAN WORLD AIR-WAYS, INC./Delta Air Lines, Inc. Pilot Employment Litigation.**

**Walter B. Duke, Jr., et al, Plaintiffs,**

**v.**

**Air Line Pilots Association, et al, Defendants.**

**Edward J. Spellacy, Jr., et al., Plaintiffs,**

**v.**

**Air Line Pilots Association, et al., Defendants.**

**Nos. MDL 963, CV 92–1049, CV 93–0853.**

United States District Court, E.D. New York.

April 14, 1997.

Scott M. Karsten, Sack, Spector & Barrett, West Hartford, CT, Sigismund Sapinski, Jr., Updike, Kelly & Spellacy, P.C., Hartford, CT, for plaintiff, Spellacy.

Michael F. Baumeister, Douglas Latto, Baumeister & Samuels, New York City, for plaintiff, Duke One.

Michael S. Haber, New York City, for plaintiff, Duke Two.

Frederick D. Hafetz, Goldman & Hafetz, New York City, Michael E. Abrams, Peter Herman, Thomas Ciantra, Cohen, Weiss & Simon, New York City, for defendants.

### MEMORANDUM, ORDER AND JUDGMENT

WEINSTEIN, Senior District Judge.

This judgment in favor of defendants ends the trial court's participation in a difficult Multidistrict litigation.

### FACTS

During the terminal days of the then-bankrupt Pan American Airlines, it sold, under bankruptcy court aegis, the last of its major air routes and hundreds of its remaining planes, agreeing to furnish enough qualified Pan Am pilots to fly those planes as Delta employees. Since too few pilots were qualified, Pan Am agreed to train a sufficient number to meet Delta's requirements.

The local Airline Pilots Association Negotiating Committee had to make a series of decisions in cooperation with Pan Am on who would be trained. As a result of their determinations those on the committee, together with hundreds of other pilots, were able to obtain employment with Delta as qualified pilots. Scores of other Pan Am pilots were denied that opportunity because they were not given the necessary training.

### PROCEDURAL HISTORY

Pilots who were unable to obtain employment by Delta brought a number of suits. They were concentrated in the Eastern District of New York by the Multidistrict Panel.

Some pilots sued Delta Airlines. Their complaints were dismissed because Delta did not decide which Pan Am pilots were to be trained.

Three groups of pilots sued the Air Line Pilots Association ("ALPA") on the ground that they had been discriminated against by ALPA and that, under the Railway Labor Act, 45 U.S.C. §§ 151 et seq., 181 et. seq., they had a right to damages. The groups were denominated at the trial as Duke 1, Duke 2 and Spellacy plaintiffs.

The case was bifurcated. Tried at one time were all three groups' claims on the issue of liability. The jury found for all plaintiffs.

Following motions to set aside the verdicts, the court suggested that a mediator attempt to resolve differences among the parties. With the assistance of the mediator, the Honorable Milton Mollen, the Duke 1 and Duke 2 plaintiffs settled with ALPA. Their claims have been dismissed as moot.

### DISMISSAL

The issue now is whether defendants' motion to dismiss or, in the alterative to provide a new trial, should be granted. It is with great renitence that a trial judge approaches a motion to ignore the decision of a well-instructed, well-advised, capable jury. The Spellacy plaintiffs' case should, however, be dismissed for three reasons:

First, insofar as the Spellacy plaintiffs are concerned, the pilots' collective bargaining agreement with Pan Am—which called for training on a seniority basis for operations of Pan Am—was not applicable to the subsequent Delta–Pan Am agreement entered into with the approval of the

bankruptcy court to sell aircraft to Delta and to furnish trained pilots. The Delta–Pan Am agreement did not call for the kind of Pan–Am operational decisions covered by the ALPA–Pan Am agreement. As a matter of law, the straight seniority system did not apply to the Spellacy plaintiffs. Bankrupt, Pan Am was permitted to minimize training costs to itself by departing from strict seniority in a reasonable way in training pilots for transfer to Delta.

Second, the training program as devised and executed constituted a reasonable balancing of seniority and cost factors by those in charge of the process during a very stressful period for everyone: the pilots, Pan Am, the bankruptcy authorities and creditors. A large number of pilots had to be retrained or requalified during a short period while Pan Am continued to operate its routes.

Third, there was not sufficient proof to establish by a preponderance of evidence that the ALPA representatives took action in order to favor themselves or their friends at the expense of the Spellacy plaintiffs. ALPA's decisions were both reasonable and rational under the circumstances. Claims of invidious discrimination or of an intention to harm some or all of the Spellacy plaintiffs were not proven.

## NEW TRIAL

■ It is appropriate to decide conditionally whether a new trial ought to be granted if the court of appeals decides that the case should not have been dismissed. *See* Federal Rules of Civil Procedure, Rule 50(c). Should the court of appeals so decide, a new trial should be granted for the following reasons:

First, no rational view of the evidence allows the conclusion that the money required for training so many extra Spellacy pilots would have been spent when they could not possibly have been hired by Delta. The jury found for all of the Spellacy plaintiffs, going far down on the seniority list. Given the cash shortages and other problems of the bankruptcy, money would not have been available to provide the additional training all the Spellacy plaintiffs would have required. It was reasonable and rational to minimize expenditures as was done here.

Second, on no rational view of the evidence were there enough facilities available to train all of the Spellacy plaintiffs that the jury found could and should have been trained.

Third, the jury's failure to draw a line somewhere reasonable in the Spellacy seniority list indicated that, despite its high quality, it was swayed by prejudice against the ALPA representatives because they ended up, as a result of their decisions, as Delta employees.

## EQUITY

■ There is no basis in equity for an order either requiring some form of reinstatement of the Spellacy plaintiffs to positions held before the sale of Pan Am's aircraft to Delta or to those which they might obtain at Delta now. It would be impossible to restore the status quo ante. Any equitable causes, implied or explicit, in the complaint and at trial are decided against the Spellacy plaintiffs for the same reasons that the jury verdict cannot stand. *See* Federal Rules of Civil Procedure, Rule 52(a).

## CONCLUSION

This decision covers all remaining aspects of the MDL case. Final judgment for defendant is now entered in these, the remaining open cases. No costs or disbursements.

SO ORDERED.